Warren C. MILLER, Jr.,
Petitioner-Appellee,

v.

Clarence JONES, Sheriff,
Respondent-Appellant.

No. 75–3882.

United States Court of Appeals,
Fifth Circuit.

July 12, 1976.

Henry Wade, Crim. Dist. Atty., John B. Tolle, John H. Hagler, Asst. Dist. Attys., Dallas, Tex., for defendant-appellant.

Tom S. McCorkle, Dallas, Tex., for petitioner-appellee.

---

12. Since there is standing to sue for treble damages, standing to sue for injunctive relief necessarily follows.

Before TUTTLE, AINSWORTH and CLARK, Circuit Judges.

CLARK, Circuit Judge:

Sheriff Clarence Jones appeals from the entry of a jury trial award of damages to Warren C. Miller, Jr., for wrongful imprisonment and for injuries sustained by Miller while held in Sheriff Jones' custody pursuant to an arrest warrant which, unknown to the Sheriff, had been withdrawn prior to Miller's arrest and incarceration. Jurisdiction of the count asserting wrongful arrest was laid under 42 U.S.C. § 1983 and 28 U.S.C. § 1343. Jurisdiction of the state law tort action for injuries sustained during imprisonment was asserted to be pendent.

The federal law claim was tried and instructed under the legal theories enunciated in this court's decision in *Whirl v. Kern,* 407 F.2d 781 (5th Cir. 1969). The court charged the jury that in the absence of actual notice of the warrant's withdrawal the Sheriff could be held liable based upon constructive notice of the judicial invalidation of the warrant for Miller's arrest but not until he had had a reasonable time to investigate into his legal authority to imprison plaintiff. One of the special issues the court addressed to the jury inquired whether Sheriff Jones failed to make a reasonable and timely investigation into the legal authority to imprison Miller after February 7, 1974, the date on which charges against Miller were dismissed. The jury found he did and assessed damages for this neglect.

The Sheriff's principal assertions on this appeal were that his actions were taken pursuant to a facially valid warrant and that his duty to commence a reasonable and timely investigation into the warrant's continuing force did not begin until February 9, 1974, the date upon which his deputies arrested and incarcerated Miller.

The undisputed facts disclosed that a charge of possession of marijuana had been lodged against Miller in early 1973. After a series of continuances, his appearance bond was ordered forfeited and a warrant issued for Miller's arrest. However, on December 27, 1973, the warrant was recalled by the clerk of the court and notice of that recall was dispatched to the Sheriff's Department. On Thursday, February 7, 1974, the charges against Miller were dismissed and again notice was dispatched to the Sheriff's Department.

Sheriff Jones denied receipt of either notice from the court due to a faulty pneumatic tube system between the court clerk and his office. He contends that he acted in good faith on the belief that the warrant he held required the arrest and imprisonment of Miller. He further asserts that when Miller was arrested on a Saturday evening for speeding and a radio contact with his office requested information as to other pending charges, he acted properly in advising the requesting officer that Miller was to be detained pursuant to the warrant because the court office with which he could have checked was closed for the weekend and he had no means of discovering that the warrant had been withdrawn for over a month and the charges had been dismissed two days previously.

 Our en banc determination of *Bryan v. Jones,* 530 F.2d 1210 (5th Cir. en banc, 1976), involving a legally similar tort claim against the same Sheriff, has intervened between the trial of this action and the argument of the instant appeal. *Bryan* requires a trial judge to charge a jury in a false imprisonment case that a jailer is entitled to the defense of reasonable good faith to justify his action in the imprisonment of a prisoner. Lacking the benefit of *Bryan's* ruling, no such instruction was given or requested in the present cause. However, the precedent of *Bryan* must be applied to the disposition of the instant appeal. *Thorpe v. Housing Authority,* 393 U.S. 268, 281, 89 S.Ct. 518, 526, 21 L.Ed.2d 474 (1961). We construe the Sheriff's claim of action pursuant to a facially valid warrant and entitlement to use the date of arrest rather than the date the charges were dismissed as a contention that he acted in reasonable good faith so as to have entitled him to have the jury instructed on this defense to the federal tort claim.

Both parties to the instant appeal agree that the court's instructions on the jailer's standard of care in safely keeping prisoners in his custody was in error under Texas law. The Sheriff requested a charge which advised the jury that he was not an insurer of the personal safety of the inmates under his supervision and control; that the law required only that the Sheriff and his deputies in actual charge of the jail exercise ordinary care to prevent prisoners in their custody from harming one another. In order for the Sheriff to be liable under Texas law, he must know or have reason to believe that injury will likely be inflicted or he must have reason to anticipate the danger thereof and thereafter be negligent in failing to take steps to prevent the injury. *Browning v. Graves,* 152 S.W.2d 515 (Tex. Civ.App.1941, writ ref'd).

The judgment of the court below is reversed and the cause is remanded for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.